FLORA KOEN BLACKSHERE *v.* HARRY BLACKSHERE

(No. 6871)

Submitted October 14, 1931. Decided October 27, 1931.

*Smith & Smith, for appellant.*
*Victor H. Shaw and J. Harper Meredith, for appellee.*

LIVELY, JUDGE:

Flora Koen Blackshere instituted divorce proceedings against her husband, Harry F. Blackshere, who complains here of the orders of the circuit court of Marion County,

awarding to the wife $400.00 a month as *pendente lite* alimony for maintenance and support of herself and infant child, and enjoining defendant from encumbering or disposing of his real property, or his personal property, except to meet payment of the awards for alimony, counsel fees, and court costs, and reasonable expenses for the husband's defense in the divorce proceedings. An appeal was awarded to the amount of alimony allotted in excess of $150.00.

Plaintiff challenges the jurisdiction of this Court to consider the order awarding temporary alimony, suit costs, and counsel fees because said decree is an interlocutory order and not appealable until after entry of final decree, and because no motion to modify or abrogate said decree was made in the court below.

Chapter 135, section 1, Barnes' Code 1923 (58-5-1, Code 1931), enumerates those instances in which a writ of error or appeal may be obtained from judgments or decrees of the courts below, and subsection 7 of section 1 provides for an appeal "in any case in chancery wherein there is a decree or order dissolving or refusing to dissolve an injunction, or requiring money to be paid, or real estate to be sold, or the possession or the title of the property to be changed, or adjudicating the principles of the cause." *Cunningham* v. *Patterson*, 3 Rand. 66 (Va.), recognized that appeals might be obtained from certain interlocutory orders. That an interlocutory decree was appealable in this state was recognized by JUDGE BRANNON in *Wood* v. *Harmison*, 41 W. Va. 376, who said, after stating that at one time in Virginia only a final decree would support an appeal: "In the Code of 1849, and by prior legislation, the field of appeals was considerably enlarged by allowing them to certain decrees and orders, not final, but interlocutory in character, mentioning certain specific ones, and adding any decree or order 'adjudicating the principles of the cause'. Our Code, in chapter 135, section 1, has enlarged upon the Virginia Code * * *." Again, in *Garrett* v. *Garrett*, 91 W. Va. 243, this Court recognized that an interlocutory order was appealable if within some statutory authority, but, even then, only in those instances

which put into effect some finding of law or fact in the cause. Finality of decree, in the sense that all issues must be decided, is required before an appeal can be obtained in those instances which involve that portion of sub-section 1, which allows an appeal to any decree or order "adjudicating the principles of the cause." See *Shirley* v. *Musgrave*, 29 W. Va. 131; *Kanawha Lodge et al* v. *Swan*, 37 W. Va. 176; *Wood* v. *Harmison*, cited *supra*; *Armstrong* v. *Ross*, 56 W. Va. 16.

An examination of subsection 7 discloses that the language employed is stated in the disjunctive, so that the words of each phrase are separate and distinct and each portion is not to be read in conjunction with any other. In other words, if the decree be one. "requiring money to be paid", it is not essential to its being appealable that all the principles of the cause be adjudicated. The two may, in instances, appear simultaneously; but this coincidence is not requisite to rendering an order, enumerated in subsection 7, appealable. The decree complained of clearly comes within the purview of a decree "requiring money to be paid". It expresses a finding of fact and is of such legal consequence that failure to comply with it renders the party whom it affects guilty of contempt. While it is true that a decree awarding *pendente lite* alimony may be interlocutory, it affects substantial rights quite as completely as does a decree for permanent alimony. If there be no right to appeal, an arbitrary award might effect a complete dissipation of a husband's estate before review. In *McKennon* v. *McKennon*, 63 P. 704 (Okla.), the court, in allowing an appeal from an interlocutory decree awarding *pendente lite* alimony, stated:

> "Under our law, the title to real or personal property, and the right to exercise dominion and control over it, as well as the right to life and liberty, are subjects too sacred to be made to depend upon the arbitrary exercise of discretion by any one man, however just or learned he may be. It is repugnant to our sense of justice, that rights and privileges as important as these, involving liberty or property, should be taken from any man, without giving him a hearing before the highest tribunal of the law. It is apparent that this order involves not only the right

of property, but the question of personal liberty, and makes both depend upon the wise exercise of a sound discretion of the trial judge. While we believe the question of allowing alimony *pendente lite* is one addressed to the sound discretion of the trial court, we think it is the exercise, not of an arbitrary, but of a legal, discretion, which justice, logic, and sound reason would dictate should be subject to review on appeal.''

Counsel for Mrs. Blackshere cite *Beatty* v. *Beatty*, 53 S. E. 2 (Va.), as authority for their contention. While it is true that a portion of section 6336, Virginia Code of 1930, dealing with those cases in which appeals and writs of error may be obtained in that jurisdiction, is the same as that employed in subsection 7 of our statute, section 6348 of the Virginia Code provides, in part, that: ''The petition shall be rejected when it is from an interlocutory decree or order, if the court or judge to whom it is presented deems it proper that the case should be proceeded in further in the court below before an appeal is allowed therein.'' In the *Beatty* case, upon a hearing, the husband's demurrer to his wife's bill had been overruled. The decree awarded the wife a *pendente lite* allowance and reference of the cause was made to a commissioner. The husband appealed, and the court in dismissing the appeal as improvidently awarded, cited the quoted section of the statute. The statute clearly makes it a discretionary matter with the court or judge to whom the case is presented, as to whether an appeal may be granted; and presumably a reason for the court's dismissing the appeal was on the ground that what had been decided in the interlocutory order was plainly correct.

We are aware that other jurisdiction, as well as text writers, propound the rule that an order made on application for temporary alimony. is non-appealable, but, on a proper interpretation of our statute, as well as on principle, we prefer and approve the majority rule that an interlocutory decree awarding *pendente lite* alimony is final in character and may be reviewed on appeal. See 1 R. C. L. 893; 21 Ann. Cases 600, note. Objection to allowance of an appeal from an inter-

locutory order awarding *pendente lite* alimony on the ground that delay would be occasioned, subjecting the wife to starvation or to acceptance of charity (*Call* v. *Call*, 65 Me. 307, cited by plaintiff's counsel) is eliminated by awarding the appeal only to that portion of the award which is questionable, which was done in this case.

Persuasive of plaintiff's contention that the order awarding temporary alimony is not appealable because no motion was made in the court below to modify or abrogate it, *State ex rel. Scott* v. *Waugh*, 93 W. Va. 28, is cited. In that case plaintiff (the husband) sought by mandamus proceedings to compel the judge of the circuit court to render a final decree in divorce proceedings instituted by plaintiff. The return of the circuit judge showed that he had declined to consider the cause because the husband had refused to comply with orders requiring him to pay the wife suit money and alimony *pendente lite*, also that no application had been made to him or the court to modify or set aside the orders or to prosecute or defend the suit *in forma pauperis*. Relator's replication to the judge's return set up his inability to pay the amounts of money awarded the wife; but this Court found that no application setting up this fact of inability had ever been addressed to the discretion of the circuit court; and for that reason the writ of mandamus, which requires the showing of a clear legal right, was denied. In the instant case, however, the defense which defendant had to an award of alimony *pendente lite* was before the court in the form of affidavits, one of which was that of the defendant himself. With the demand of the wife and the defense of the husband, the court came to a conclusion favorable to the wife. The two cases are clearly distinguishable; in the *Waugh* case, the lower court had had no opportunity to consider the defense of the complaining party; in the instant case, a motion to modify or abrogate the court's conclusion would be a useless thing, for it would ask it to consider again that which it had carefully considered before. Hence, there was no necessity for a motion to modify or abrogate the decree. *Morrison* v. *Leach*, 55 W. Va. 126.

There is likewise no merit in plaintiff's contention that failure to pass upon the motion to dissolve the injunction awarded and continuing the same until the defendant filed his answer is not appealable. The court's order specifically states that defendant moved the modification of said injunction as to the personal property of defendant, and the order shows that the court acted thereon; and it is from that modification that defendant appeals. What other motions were made and continued until answer filed does not appear.

This brings us to a discussion òf the errors assigned by defendant, who complains (1) that the allowance of alimony *pendente lite* is excessive, and (2) that the injunctive order as modified should not have included all of defendant's property, both real and personal. The orders were made upon consideration of the bill of complaint and affidavits filed by plaintiff and defendant.

Chapter 64, section 9, Barnes' Code 1923 (48-2-13, Code 1931), authorizes an award of *pendente lite* alimony "necessary for the maintenance of the woman". The amount of the award is always addressed to the sound discretion of the court; and the exercise of this discretion, a very broad one, will be reviewed only when it appears that it has been greatly abused. *Wass* v. *Wass*, 42 W. Va. 460. The object of granting such alimony is to enable the wife to maintain herself during pendency of the divorce proceedings, and the allotment is governed by the needs of the wife, regard being given to the manner in which she has been accustomed to living. What amount is necessary for Mrs. Blackshere? In her bill of complaint she avers that her husband has an annual income of at least $15,000.00, of which amount, according to her affidavit, the sum of $400.00 a month is required to maintain herself and infant daughter in their station in life. Her husband contends that her claim is ridiculous, since, during the year preceding, the entire expenses of the family, including clothing, have not exceeding $150.00 a month. This outlay for expenditures bespeaks her accustomed manner of living, and the record is silent as to why this sum will not suffice now. The only evidentiary matter filed on behalf of

plaintiffs is her affidavit claiming $400.00 as necessary for maintenance of herself and child, which does not detail the items which she considers requisite and which aggregate $400.00: a mere conclusion. According to her husband's affidavit, she and the child are residing on a farm at a cost of about $21.00 a week. This is not denied. The husband says that his wife is not accustomed to entertaining and does a limited amount of traveling. The reason for a sum greater than $150.00 does not appear; and as to the excess of that sum the award of temporary alimony is reversed.

We likewise believe there was an abuse of judicial discretion in the modified injunction order, so far as it restrains defendant from enjoying a complete use of his personalty. Plaintiff's bill states there is $100,000 of realty, in addition to the personal property, and there is no showing that the realty is encumbered in any way. Hence, it would appear that enjoining defendant from disposing of or in any way encumbering his realty is a sufficient safeguard to assure to plaintiff whatever legal rights may be adjudicated in her favor upon final hearing of the divorce proceeding.

We reverse the lower court and remand the proceeding for entry of orders consonant with the tenor of this opinion.

*Reversed; remanded.*