GRUBBS ET AL. *v.* RINE ET AL.

68

(No. 73CV-02-585—Decided February 12, 1974.)

Court of Common Pleas of Franklin County.

Mr. Denis J. Murphy, for plaintiffs.
Mr. William J. Lohr, Mr. Fred Sams and Mr. Walker B. Lowman, for defendants.

WRIGHT, J. I. Plaintiffs have filed an action for individual relief on behalf of the named plaintiffs and a class action on behalf of those similarly situated, who are all past tenants, lessees or occupants of rental units owned or operated by the defendants, claiming that the class has been wrongfully denied return of security deposits and an adequate accounting of them.

Defendants' answer denied the existence of grounds for a class action, alleged facts which rendered withholding deposits of the named plaintiffs lawful, and filed certain counterclaims which are at issue.

Defendants filed a motion to dismiss the class action, alleging that plaintiffs had not sustained their burden of establishing a right to such action under Ohio Rule of Civil Procedure 23. Accompanying that motion and memorandum in support was an affidavit of defendants, marked Exhibit A, and a copy of a typical lease, marked Exhibit B.

Plaintiffs' memorandum contra motion to dismiss and defendants' reply memorandum thoroughly canvassed state and federal case law pertinent to the proper interpretation and application of Ohio Rule of Civil Procedure 23, which governs class actions.

II. *Ohio Rule of Civil Procedure 23*

The defendants have moved the court pursuant to Rule 23(C) for an order determining whether the action is to be maintained as a class action. Rule 23 provides, in pertinent part, as follows:

"(A) *Prerequisites to a class action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(B) *Class actions maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

"(b) adjudications with respect to individual members of the class, which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties

likely to be encountered in the management of a class action."

III. *Discussion*

The pleadings of the parties have narrowed the issues and have focused the court's attention upon prerequisite compliance with the four requirements of Rule 23(A) and subsequent compliance with Rule 23(B)(3). The parties have also indicated agreement that, as a result of the limited amount of Ohio case law construing Ohio Rule 23, the recent federal cases dealing with Federal Rule of Civil Procedure 23 are appropriate aids to interpretation of the Ohio Rule.

A. *The first requirement of Ohio Civil Rule 23(A) is that the class be so numerous that joinder of all members is impracticable.* The four named plaintiffs are all past tenants, lessees, or occupants of apartments, dwelling units, or rental units owned or operated by the defendants, who contend that their security deposits were not accounted for and were wrongfully withheld. Plaintiffs purport to represent a class of former tenants who have wrongfully been denied return of their security deposits in the past. The defendants own approximately 50 different properties containing some 250 rental units and have rented them for varying, and in some cases unstated, periods of time. Plaintiffs' claims in regard to the class are for all deposit withheld and for an accounting from the date that security deposits were first collected by the defendants on all named units and those owned by them to the present time. There is no general rule or "magic number" for determining how many parties make joinder impractical. See *Shulman* v. *Ritzenberg* (D. C. 1969), 47 F. R. D. 202; *Cypress* v. *Newport News Gen. & Nonsectarian Hosp. Assn.* (C. A. 4, 1967), 375 F. 2d 648; *Cutler* v. *American Fed'n of Musicians* (S. D. N. Y. 1962), 211 F. Supp. 433, affirmed on other grounds, 316 F. 2d 546 (C. A. 2, 1963), certiorari denied, 375 U. S. 941 (1963); *Carrol* v. *Associated Musicians of Greater New York* (S. D. N. Y. 1962), 206 F. Supp. 462, affirmed on other grounds, 316 F. 2d 574 (C. A. 2, 1963). Impracticability of joinder is generally a matter left to the trial judge's discretion based on the facts of the par-

ticular case at hand. The class as alleged by plaintiffs, while an indeterminate number, is clearly large enough to make joinder impracticable. The court reserves discussion of the proper composition of the class and any necessary reduction in size thereof, for later consideration pursuant to the requirements of Rule 23(A) (3) and Rule 23(B) (3).

B. *Rule 23(A) (2) requires that there be questions of law or fact common to the class.* Plaintiffs state the common questions of fact to be whether the defendants practice, as a pattern of business, the wrongful withholding of security deposits and whether defendants fail to provide proper accountings for such deposits. Plaintiffs state the common question of law to be whether the defendants can legally withhold any deposits without providing members of the class an accounting of these deposits. These questions, at least facially, satisfy the requirement of the rule.

C. *Rule 23(A) (3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class.* While the claims may be typical in certain respects they are not typical in all respects, said differences appearing on the face of the pleadings. The named plaintiffs claim to have made a demand upon the defendants for return of the security deposits. The sample lease, defendants' Exhibit B, does not require a demand as a condition for a return of the deposit. Unless the terms of oral leases require such a demand, all the members of plaintiffs' class are similarly situated vis-a-vis the defendants (tenants/landlords) to permit further examination of the propriety of the class action.

D. *Rule 23(A) (4) requires that the representative parties will fairly and adequately represent the interest of the class.* Absent any argument by defendants that plaintiffs' allegation of fair and adequate representations is false, the court will consider this requirement satisfied.

IV.

It now becomes necessary to determine whether plaintiffs meet the tests of Rule 23(B) (3), as the case clearly does not fall within the purview of Rule 23(B) (1) or Rule 23(B) (2).

*Do the questions of law or fact common to the mem-*

*bers of the class predominate over any questions affecting
only individual members?*

Consideration of this question requires further scrutiny of the composition and cohesiveness of the proposed class. Defendants' affidavit states that until May 15, 1972, the amount of the security deposit was entered on a written lease agreement which stated that the purpose of the security deposit was to secure the tenant's performance of all of the terms of the lease contract, and that in case of default, the landlord was to retain the security deposit. After May 15, 1972, lease agreements were oral. All named plaintiffs rented from defendants prior to that date and thus signed written leases.

The question of the circumstances under which defendants are required to return a security deposit to a particular plaintiff must depend upon the terms of the contract between the parties. In the case of oral leases, proof of the terms of the contract must proceed on a case by case basis, there being no written lease form which establishes the rights and liabilities of defendants with regard to the so-called class.

The Federal Rules Advisory Committee stated in its note to Federal Rule 23(b) (3) that:

"The court is required to find, as a condition of holding that a class action may be maintained under this subdivision, that the questions common to the class predominate over the questions affecting individual members. It is only where this predominance exists that economies can be achieved by means of the class-action device. In this view, a fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, *if liability is found*, for separate determination of the damages suffered by individuals within the class. On the other hand, although having some common core, a *fraud case may be unsuited for treatment as a class action if there was material variation in the representations made* or in the kinds or degrees of reliance by the persons to whom they were addressed. * * *" (Emphasis added.)

A federal district court has pointed out, that:

"* * * the propriety of a class action where the representations are merely oral must be immediately suspect.

"* * * were plaintiffs relying solely upon oral misrepresentations which may have of necessity varied as to each class member and which would have to be individually proven, the court would have to deny class action status. * * *" *Tober* v. *Charnita* (M. D. Pa., 1973), 58 F. R. D. 74, 82.

Because of the varying terms of the oral leases and the problems of proof, those tenants who rented under oral lease agreements subsequent to May 15, 1972 are not properly among the class of "those similarly situated" as tenants under written leases which the named plaintiffs purport to represent.

The proposed class, as properly constituted, consists of those former tenants of defendants who gave a security deposit under a written lease and who purportedly were wrongfully denied return of that deposit and an accounting after demand. Such limitation of the class to those who are *in fact* similarly situated enables the court to examine the plaintiffs' case in its most favorable posture, consistent with the spirit of both Federal and Ohio Rule 23, which is to open the judicial system to more people through the class action mechanism.

The courts are now given greater flexibility in allowing class actions and in providing a forum for many litigants who had previously been prevented access to the legal system. As stated in *Eisen* v. *Carlisle & Jacquelin* (C. A. 2, 1968), 391 F. 2d 555, "the new rule should be given a liberal, rather than a restrictive, interpretation." The salutary goal of providing small claimants with a method of obtaining redress, however, must not be permitted to obscure the other purposes to be achieved by permitting class actions. The Federal Rules Advisory Committee's Note to Federal Rule 23 states:

"*Subdivision (b) (3).* In the situations to which this subdivision relates, class-action treatment is not as clearly called for as in those described above, but it may neverthe-

less be convenient and desirable depending upon the particular facts. *Subdivision (b) (3) encompasses those cases in which a class action would achieve economies of time, effort, and expense,* and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."
" * * *

" * * * A 'mass accident' resulting in injuries to numerous persons is ordinarily not appropriate *for a class action because of the likelihood that significant questions, not only of damages, but of liability and defenses to liability, would be present, affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried. * * *"* (Emphasis added.)

While this cause of action is not predicated on a mass accident, the *caveat* concerning questions of liability requiring individual determination is pertinent to an assessment of plaintiffs' compliance with both requirements of Rule 23(B) (3).

Plaintiffs allege two common questions of fact:

1. Do defendants practice, as a pattern of business, the wrongful withholding of security deposits?

2. Do defendants provide accountings for such deposits withheld?

The single common question of law is alleged to be whether defendants can legally withhold a security deposit without providing the lessee with an accounting. In order for plaintiffs to maintain their suit as a class action, they must show that the foregoing questions of fact or law predominate over questions affecting only individuals members of the class.

The crux of plaintiffs' complaint is a wrongful withholding and a concomitant refusal to account. Determination that plaintiffs' security deposits were *wrongfully* withheld must depend upon the circumstances in which plaintiffs were entitled to return of the deposits, and not upon mere allegation in plaintiffs' complaint, as plaintiffs have neither averred nor established that a tenant is, in all cases, en-

titled to the return of his security deposit. Likewise, no claim is made that withholding of a deposit is wrongful *per se*. Plaintiffs, further, have failed to provide the court with a legal basis for determining that a tenant, in all circumstances, is entitled to an accounting of his deposit. Nor has a claim been made that defendants have violated a statute. Defendants' liability cannot be determined except in the context of each lease agreement. Proof of wrongful withholding involves a showing of the following facts:

(1) That plaintiff entered into a contract with defendants;

(2) The terms of the lease agreement;

(3) The amount of security deposit given;

(4) Plaintiff's compliance with the terms of the lease agreement in order to entitle him to return of the deposit;

(5) The circumstances surrounding the termination of the lease and/or the condition of each apartment at that time;

(6) Defendants' actual refusal to return the deposit or the portion to which the plaintiff is entitled after deduction of any sum required to repair damages to the premises.

Only by first answering these questions of fact for each individual plaintiff is it possible to answer the common questions of law proposed by named plaintiffs. While the first three threshold questions may be answered by examining records of the defendants, the last three will require proof at trial.

A frequent, though not the only, common thread running through the cases in which a class has been found to meet the requirement of Rule (B) (3), that common question of fact or law predominate, is violation of a state or federal statute. Such violation is shown by examination of the written representations, the contracts, or the admitted practices of the defendants. Cases involving price fixing in violation of federal or state antitrust law are *Contract Buyers League* v. *F. & F. Investment* (N. D. Ill. 1969), 48 F. R. D. 7; *Illinois* v. *Harper & Row Publishers* (N. D. Ill. 1969), 301 F. Supp. 484; and *Philadelphia Electric Co.* v. *Anaconda American Brass Co.* (E. D. Pa. 1968), 43 F. R. D.

452. In *Contract Buyers League, supra,* the existence of some individual questions of liability did not prevent class action status because the civil rights claims qualified under Federal Rule 23(B) (2), which does not require predominance of common questions of law or fact.

Other violations of state or federal antitrust law comprised the predominant common question in *Gold Strike Stamp Company* v. *Christensen* (C. A. 10, 1970), 436 F. 2d 791, where the question of basic liability could be established readily by common issues. There the Tenth Circuit Court of Appeals stated, at p. 796, that:

"If petitioner's contentions are true as to what must be shown * * * a definite problem as to the appropriateness of the class action would arise. A sound argument could be made that the suit would then break down into individual suits on the question of liability. In previous 23(b) (3) antitrust cases * * * a dichotomy has arisen where the question of liability is established by common issues and where the question of liability depends upon the determination of individual issues. * * *"

"* * * In *Chicken Delight* the Ninth Circuit found that a class action was not appropriate * * * as this would involve reviewing defendant's actions with each of its individual franchisees. We note that the individual examinations deemed to be required in that case involved the question of liability and not damages * * *" *Id.* at p. 798.

The Ninth Circuit in *Chicken Delight* v. *Harris* (C. A. 9, 1969), 412 F. 2d 830, restricted the class action to the issue of provisions in the standard form of franchise agreement and held that a resale price maintenance antitrust violation issue was not maintainable in a class action bcause it required "* * * significantly different evidence and separate factual determination as to each separate franchisee and to impose such a burden * * * [on a class suit] would be inconsistent with the basic salutary purpose of Rule 23, Fed. R. Civ. P." See, also, *Moscarelli* v. *Stamm* (E. D. N. Y. 1968), 288 F. Supp. 453.

In the following cases the common questions involved violation of the Security Exchange Act of 1934: *Berland* v.

*Mack* (S. D. N. Y. 1969), 48 F. R. D. 121; *Dolgow* v. *Anderson* (E. D. N. Y. 1968), 43 F. R. D. 472 (which also involved claimed violations of other federal statutes); *Eisen* v. *Carlisle & Jacquelin, supra* (391 F. 2d 555) (which also involved claimed violations of the Sherman Act); *Wiseman* v. *M. C. A., Inc.* (D. C. Del. 1968), 45 F. R. D. 258.

In *Research Corp.* v. *Pfister Associated Growers* (N. D. Ill. 1969), 301 F. Supp. 497, only that portion of the suit concerning conspiracy in violation of federal antitrust laws was deemed to be maintainable under subparagraph (b) (3) of Federal Rule 23.

The following state cases cited by plaintiffs were not decided under rules equivalent to Ohio Rule of Civil Procedure 23 or Federal Rule of Civil Procedure 23 and thus are not pertinent to the question before the court: *Kugler* v. *Romain* (1971), 58 N. J. 522, 279 A. 2d 640 (brought by the Attorney General of New Jersey under N. J. S. A. 56 with respect to relief for 24 named consumers, including a separate complaint seeking an injunction to prevent defendant from enforcing obligations already undertaken in respect to similar illegal practices); *Riley* v. *New Rapids Carpet Center* (1972), 61 N. J. 218, 294 A. 2d 7, which notes that if all individual transactions must be tried, there would be no economy of effort and expense and the litigation would be unmanageable; *Vasquez* v. *Superior Court of San Joaquin County* (1971), 4 Cal. 3d 800, 484 P. 2d 964, and *La Sala* v. *American Savings & Loan Association* (1971), 5 Cal. 3d 864, 489 P. 2d 1113, decided under Section 382 of California's Civil Procedure Code and Section 1780 of California Civil Code.

None of the state cases cited above involve an examination by the court of the performance of individual class members. In each case, proof of the violation of a statute would establish liability and would indicate as a valid class those with whom the defendant had done business.

While violation of a statute certainly simplifies a determination of liability in a class action, it is by no means a necessary requirement for a proper class action. Breach of contract is certainly a legal wrong that may be redressed in

a class action under proper circumstances. But the change in the nature of the proof when one switches from a statutory violation case to a breach of contract case, such as this one, with its need for individualized determination of lease terms, breaches, and factual differences in each situation, points toward a predominance of individual questions of law or fact over common questions of law or fact, and hence the impropriety of a class action.

*Boehne* v. *Camelot Village Apartments* (1972), 288 N. E. 2d 771, an Indiana Court of Appeals case, deals with a class action for recovery of tenants' security deposits. In *Boehne*, the contracts between defendant and plaintiffs were uniform, and the security deposit varied only if the tenant kept pets. The decision in *Boehne* rested heavily upon *Vasquez, supra*, which was decided under a California statute markedly dissimilar from either Ohio or Federal Rule 23.

In *Miles* v. *N. J. Motors* (1972), 32 Ohio App. 2d 350, proof of violation of R. C. 1309.47(C) and the provisions of the Uniform Commercial Code could be found by examination of the documents and utterances issued by the defendants. If the actions of the defendants were *per se* illegal, the class would consist of all persons against whom the defendants had obtained cognovit deficiency judgments following repossession of a motor vehicle.

The key to the distinction between this case and *Boehne, Vasquez* and *Miles, supra*, is that in each of those cases defendants and the variances involved existed, if at all, in the manner in which defendant acted toward a particular plaintiff *in a fixed situation*. In each case, the tenants, consumers or car buyers did nothing substantially different, even though the measure of damages may vary as the value of the car or freezer varied. In the present case, the actions of each tenant in terminating the lease or maintaining the apartment would cause a change in *both* the measure of damages *and* the existence of liability, if any. Without taking a position on the merits, it is easy to visualize situations in which the withholding of security deposits is justified. To examine each case for liability *and* damages would make individualized questions predominate.

The most recent Ohio case on Rule 23(B) (3) class action status is *Gilmore* v. *General Motors Corp.* (1973), 35 Ohio Misc. 36. Class action status was denied in that case because individual questions, analogous to those presented here, predominated over any common questions. The Court of Common Pleas of Cuyahoga County cited *Purdes* v. *Carvel Hall* (S. D. Iowa 1969), 301 F. Supp. 1256, 1259, which stated, as follows:

"* * * the proof would necessarily involve presentation of evidence by each member * * * [of the class] * * * In such circumstances, it is doubtful that the question of law or fact common to the members of the class predominate."

The Court of Common Pleas further cited *Denver* v. *American Oil Company* (D. Colo. 1971), 53 F. R. D. 620, 629, which stated, as follows:

"* * * If the court lunges into a class action, only to learn later that the gut issues of the case are those going to liability rather than to damages, a disservice has been done to the parties and to the economy of judicial time. If the issues as to liability differ from proposed class member to proposed class member, there should be no class, because, then, the predominance of common factual and legal issues test is not met. * * *"

As plaintiffs have failed to show that common questions of fact or law predominate over individual questions, determination of their compliance with this additional criterion is unnecessary. From the foregoing it is evident that utilization of this forum will not result in judicial economy. A more appropriate forum for the necessary case-by-case determination of liability is the Small Claims Court or the Franklin County Municipal Court. The named plaintiffs' allegation that prior cases have been brought in Small Claims Court and have resulted in judgments for the plaintiffs which have not been satisfied is not persuasive of the proposition that plaintiffs will be denied a remedy if the instant class action is not permitted. Plaintiffs have available to them the means of enforcing said judgments.

The court has considered the four matters pertinent to a determination of whether this class action suit is main-

80

tainable under Ohio Rule 23(B) (3) and finds that the interest of members of the class in individually controlling the prosecution of separate actions does not appear from the facts and may be presumed negligible, that no litigation is commenced and proceeding at the present time concerning this controversy, that concentration of the litigation of these claims in the forum would be desirable if not for the necessary multiple individual determinations of liability, and that the difficulties likely to be encountered in treating this case as a class action completely negate the economies sought to be achieved by class actions, plaintiff-accessibility considerations notwithstanding.

## FINDINGS OF FACT

1. Defendants own and operate a large number of rental properties and have done so at least since 1969.

2. Named plaintiffs are former tenants of the defendants.

3. Until May 15, 1972, rental agreements between defendants and membrs of the proposed class were embodied in written leases. After May 15, 1972, defendants and members of the proposed class entered into oral rental agreements.

4. Named plaintiffs entered into written lease agreements with defendants.

5. Defendants required security deposits from some, but not all, tenants. The amount of such deposits varied from 25% to 100% of one month's rental.

6. Each named plaintiff deposited a sum of money with defendants as security for his performance, as tenant, of all of the terms of his lease contract.

7. Named plaintiffs, in their complaint, claim to have made demand upon defendants for return of their security deposits. The complaint does not allege a similar demand by members of the class which named plaintiffs purport to represent.

8. Named plaintiffs did not recive the return of their security deposits at the termination of their tenancies.

9. The class of plaintiffs, composed of former tenants of defendants who gave a security deposit under a written

lease and who were wrongfully denied return of that deposit and an accounting after demand, is potentially so numerous that joinder of all members is impracticable.

10. Questions of fact or law common to the class are:

(a) Whether defendants practice, as a pattern of business, the wrongful withholding of security deposits;

(b) Whether defendants refuse to provide accounting for security deposits withheld, and;

(c) Whether defendants can legally withhold security deposits, without providing tenants with an accounting.

11. The claims of the representative parties are typical of the claims of the class, as described in 9, *supra*.

12. The representative parties will fairly and adequately protect the interest of the class.

13. Plaintiffs do not allege that defendants have violated a statute or have breached the standard lease agreement, nor do they claim that any provision of the standard lease agreement is unconscionable.

14. Plaintiffs do not claim that defendants enforce the liquidated damages provisions of the standard written lease agreement, thereby unlawfully causing plaintiffs to make a forfeiture or to pay a penalty.

15. The interest of members of the class in individually controlling the prosecution or defense of separate actions is not apparent.

16. There is not at present any litigation already commenced by or against members of the class concerning this controversy.

17. If all other requirements of Rule 23 were met, it would be desirable to concentrate litigation of the claims in this forum.

18. The difficulties likely to be encountered in the management of a class action, where liability must be predicated upon individual proof by each member of a plaintiff class, militate against maintenance of a class action, for the reason that such class action will result in no judicial economy.

## CONCLUSIONS OF LAW

1. The burden of establishing the right to a class ac-

tion rests upon the plaintiffs. *Poindexter* v. *Teubert* (C. A. 4, 1972) 462 F. 2d 1096; *Bel Air Markets* v. *Foremost Dairies* (N. D. Cal. 1972), 55 F. R. D. 538; *Muller* v. *Curtis Publishing Company* (E. D. Pa. 1973), 57 F. R. D. 532.

2. The nature and extent of a tenant's right to the return of his security deposit must be determined according to the principles of the law of contracts.

3. Where the analysis of common questions of law or fact shows them to be individualistic, a class action cannot be maintained. *Gilmore* v. *General Motors Corp., supra* (35 Ohio Misc. 36).

4. Where significantly different evidence and separate factual determinations as to each transaction are necessessary, a class action is not maintainable. *Chicken Delight* v. *Harris, supra* (412 F. 2d 830). If the issues as to liability differ from proposed class member to proposed class member, there should be no class because then the predominance of common factual or legal issues test is not met. *Denver* v. *American Oil Company, supra* (53 F. R. D. 620).

Therefore, the court finds that this action is not maintainable as a class action.

*Motion to dismiss class action granted.*