LINDA EVANS

*v.*

HUNTINGTON PUBLISHING CO.

(No. 14684)

Decided November 10, 1981.

*Baer, Napier & Colburn and James Allan Colburn,* for appellant.

*Huddleston, Bolen, Beatty, Porter & Copen and Thomas H. Gilpin,* for appellee.

PER CURIAM:

This suit was begun in the Circuit Court of Cabell County as an attempted plaintiff class action. Pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, it was brought by the appellant on behalf of herself and "for the benefit of all those persons with whom the defendant, the Huntington Publishing Company, has had within the past five years, or currently has, a contractual arrangement, known as an Independent Newspaper Carrier Contract . . . ."

In her complaint, the appellant purported to represent a class in excess of one hundred persons. She alleged that the defendant had violated the laws of West Virginia by issuing insurance bonds and sureties on its carriers; had, without being licensed to engage in the business of bonding in this State, charged members of the class a "bond" for each billing period; and had engaged in a scheme to convert the money of the class members to its use by representing that the cash bond would be held in a trust account and returned to the carrier upon termination of the contract when in actuality, the defendant did not hold the bond in trust or return it to the carrier.

The complaint concluded with a prayer for injunctive relief to prohibit the defendant from unlawfully engaging in the insurance business and for affirmative relief to award the sums of money wrongfully withheld from appellant and other members of the class.

The appellant also filed a set of interrogatories and a motion for conditional certification of the class. The de-

fendant answered and asserted, among other things, that the complaint did not allege the existence of facts which would satisy the requirements of Rule 23 for a class action. In addition, the defendant filed a counterclaim against the appellant alleging that she had breached the terms of the "independent carrier agreement" she had entered into with the newspaper company. Because of the breach and subsequently caused damages, the defendant demanded judgment in the amount of $182.00.

At the same time the defendant also filed a motion to dismiss or in the alternative to stay discovery. The appellant filed an answer to the counterclaim and a hearing was subsequently held on August 10, 1979. The record in this case contains no transcript of what transpired at the hearing, but subsequently the court entered an order dismissing the class action and allowing the appellant to proceed only as to her individual claim. The court also denied the defendant's motion to dismiss and required the defendant to answer the interrogatories, but only insofar as they pertained to the individual claims of the appellant.

The sole issue on this appeal is the trial court's ruling that precluded the appellant from proceeding as a class action under Rule 23 of the West Virginia Rules of Civil Procedure. It should be noted that since the trial court's ruling in this case, we have had an opportunity to discuss our class action rule in some detail in *Mitchem v. Melton*, W.Va. ____, 277 S.E.2d 895 (1981) and in syllabus point 5 we said: "Whether the requisites for a class action exist rests within the sound discretion of the trial court." In making the decision to refuse a class action the court cannot be arbitrary or capricious; if the requirements of Rule 23 are met then the class action should be allowed. *See, Mitchem v. Melton, supra,* and authorities cited therein.

We can consider only those matters in the record in determining whether the court abused its discretion. In the case before us the trial court gave no basis in its order for rejection of the class status. Because of this we conclude that the court's decision to dismiss the class action

without appropriate consideration and articulate reference to the criteria of Rule 23 was an abuse of discretion.

Accordingly, the judgment of the Circuit Court of Cabell County refusing to accord the appellant class action status is reversed, and the case is remanded to the trial court for a decision pursuant to the criteria contained in Rule 23 and the factors set out in *Mitchem v. Melton, supra.* The trial court should then express its decision in light of the provisions of the rule.

*Reversed and remanded.*