GROVER LEE GAINES, *an infant, etc., et al.*

*v.*

NORMAN C. DRAINER, *et al., etc.*

(No. 15229)

Decided March 18, 1982.

*Richard W. Cardot* for appellants.

*Steptoe and Johnson and James R. Watson* for appellees.

PER CURIAM:

On 8 July 1976 fourteen-year-old Grover Lee Gaines, while riding his motorbike along a dirt road in Taylor County, collided with a pickup truck driven by sixteen-year-old Clinton Drainer and owned by Clinton's father, Norman Drainer. On 25 July 1978 Grover Lee Gaines, by his next friend and father, Lawson Gaines, filed a complaint in the Circuit Court of Taylor County for injuries suffered in the accident against Norman Drainer and his son Clinton. Following depositions of the four named parties, the defendant filed a motion for summary judgment contending that there was no evidence of negligence on the part of Clinton Drainer and that the plaintiff had been contributorily negligent.

Following a hearing on 12 April 1979, the circuit court granted the motion for summary judgment on 26 April 1979. However, the order granting the summary judgment was not filed until 6 December 1979, when it was entered *nunc pro tunc* so as to have been effective from 26 April 1979.

On 18 January 1980 the plaintiffs filed a "Motion for Reconsideration." The trial court, interpreting this motion to be a motion under *W. Va. R.C.P.* 60(b) (6), held a hearing on 31 January 1980. Following the hearing the trial court denied the motion for reconsideration because it had been filed more than eight months after the granting of the summary judgment in favor of the defendants on 26 April 1979. The trial court did not enter the order denying reconsideration until 26 January 1981. The plaintiffs then appealed to this Court in April 1981.

The initial question for us is whether the plaintiffs' motion for reconsideration was timely filed. We find that it was. "Where ... a *nunc pro tunc* order would cause the appeal time of the party adversely effected by it to expire, and he was not given reasonable notice that a final judgment had been reached, such an order will not allowed." *Taylor v. Miller*, 162 W.Va. 265, 249 S.E.2d 191, 195 (1978). In this case counsel for the plaintiffs had

notified counsel for the defendants, the trial court, and the clerk of court during the summer and fall of 1979 that he intended to move for a reconsideration. However, he delayed serving the motion because he though that such a motion before the entry of the order granting summary judgment would have been premature. Under these circumstances we hold that the order granting summary judgment was not effective until 6 December 1979 and, therefore, the trial court erred in determining that the plaintiffs' motion for reconsideration had been filed too late.

We are now free to address the question of whether the trial court should have granted the plaintiffs' motion for reconsideration under *Rule* 60(b). However, before doing so, we note that we are limited to this narrow question as opposed to a consideration of the original order granting summary judgment for two reasons. First, the plaintiff was too late in filing with this Court to appeal the summary judgment even using 6 December 1979 as the date of that order. A motion made pursuant to *Rule* 60(b) does not toll the running of the eight month appeal time. *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). Second, an appeal of a denial of a motion under *Rule* 60(b) puts into question only the order of the denial itself and not the substance supporting the underlying judgment. *Id.* at 784, 204 S.E.2d at 89; *see* Wright and Miller, Federal Practice and Procedure: Civil § 2871.

Turning then to the trial court's denial of the motion to reconsider, we start by recognizing that motions made under *Rule* 60(b) are addressed to the sound discretion of the trial court. Hence, our standard of review is that the court's ruling on such a motion will stand unless it constituted an abuse of discretion. *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970).

The plaintiffs sought the reconsideration of the trial court's order granting summary judgment so that the trial court could consider its ruling in light of *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979) which this Court handed down on 10 July 1979. *Bradley* adopted the doctrine of comparative negligence

in this State and made that doctrine completely retroactive. Since the defendants had focused on Clinton Drainer's alleged contributory negligence in their answer and in their motion for a summary judgment, the holding in *Bradley* was certainly germane to this case. Given our clear statement of *Bradley's* retroactivity, the trial court should have been more than receptive to a request to reconsider the case in light of the new doctrine. Moreover, we observe that when the underlying order was made as a result of a motion for summary judgment with its attendant strict standards of proof, *see Aetna Casualty & Surety Co. v. Federal Insurance Co.*, 148 W. Va. 160, 133 S.E.2d 770 (1963), the trial court should have been all the more receptive to a motion for reconsideration. Therefore, we find the denial of the plaintiffs' motion for reconsideration in this case to have been an abuse of discretion.

Accordingly, for the reasons stated above the judgment of the Circuit Court of Taylor County is reversed and the case is remanded.

*Reversed and remanded.*