294 S.E.2d 90

STATE of West Virginia, ex rel., Shirley A. MILLER, Daniel F. Vincent, Thomas A. Durboraw, and Mark Lamar

v.

Honorable Vance E. SENCINDIVER, Judge of the Circuit Court of Berkeley County, West Virginia.

and

Shirley A. MILLER, Daniel F. Vincent, Thomas A. Durboraw, and Mark L. Lamar, Individually and on Behalf of all Others Similarly Situated

v.

Lyle CATLETT, Sheriff of Berkeley County, and John Wright, Harold A. Downey, and Robert Burkhart, County Commissioners of Berkeley County, Individually and in Their Official Capacities.

Nos. 15380, 15381.

Supreme Court of Appeals of West Virginia.

June 25, 1982.

William T. Wertman, Jr., Martinsburg, for relators and appellants.

Patrick G. Henry, III, Asst. Pros. Atty., Berkeley County, Martinsburg, for respondents and appellees.

PER CURIAM:

■ The appeal in Case No. 15381 is from a final order of the Circuit Court of Berkeley County denying appellants permission to proceed as a class action under Rule 23 of the West Virginia Rules of Civil Procedure.[1] Appellants contend that even though they ceased to be members of the class which they sought to represent after the filing of the complaint, they are not barred from continuing to represent that class. We agree and reverse.[2]

Appellants filed their complaint on December 21, 1980, as individual inmates of the Berkeley County Jail, and as class representatives on behalf of all those persons then confined or who would be confined in the jail.

By their class action, appellants sought to challenge alleged inadequacies in the physical plant of the jail, and inadequacies in procedures at the jail regarding discipline, exercise, recreation, medical attention and visitation. Appellants contend that many other aspects of the administration of the jail are seriously deficient. Accompanying their complaint, appellants filed a motion to proceed by class action, setting forth subclasses which they believed to be appropriate. On December 31, 1980, the trial court, by order, denied permission to proceed by class action, but al-

---

1. *Rule 23. Class Actions. (a) Representation.*— If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is (1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; (2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought; or (4) the prosecution of separate actions by or against individual members of the class would create a risk of:

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(b) *Secondary action by shareholders.*—In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort.

(c) *Dismissal or compromise.*—A class action shall not be dismissed or compromised without the approval of the court. The court may require notice of such proposed dismissal or compromise to be given in such manner as the court directs.

2. The related petition for a writ of prohibition requests that discovery, suspended by the trial judge, be allowed to proceed. Our resolution of the appeal in Case No. 15381 renders it unnecessary for us to address the petition for a writ of prohibition in Case No. 15380, and it is denied.

lowed the individual actions for damages to proceed.

In July of 1981, appellants filed a Rule 60(b) motion requesting relief from the trial court's order of December 31, in view of the factors set forth in *Mitchem v. Melton*, 167 W.Va. 21, 277 S.E.2d 895 (1981). On August 24, the trial court entered an order again refusing permission to appellants to proceed with their class action. The trial court found that the appellants did not have standing to maintain this class action, as they were not inmates at the jail when they filed their 60(b) motion. All discovery was suspended by the trial judge pending the decision of this Court as to the propriety of appellants' class action. Appellants contend, as their single assignment of error, that the trial court erred in denying their 60(b) motion. The resolution of this issue depends upon the application of West Virginia Rule of Civil Procedure 23, as interpreted by *Mitchem v. Melton*, 167 W.Va. 21, 277 S.E.2d 895 (1981).

■ *Mitchem* addressed the requirements of Rule 23 in a context similar to that presented in the case before us. The plaintiffs in *Mitchem* were inmates of the Kanawha County Jail and they sought, by their class action, to challenge certain conditions of confinement which they alleged to exist at the jail. The trial court denied the class certification, and the plaintiffs appealed that ruling. After reviewing the federal and state precedents, and policy interests served by class actions, we concluded that a final order denying permission to proceed as a class action was appealable: "An order denying class action standing under Rule 23 of the West Virginia Rules of Civil Procedure may be appealed by the party who asserts such class standing." Syllabus Point 6, *Mitchem v.*

*Melton*, W.Va., 277 S.E.2d 895 (1981). It is from the denial of permission to proceed as a class action that appellants prosecute this appeal. They are clearly properly before the Court under the holding of *Mitchem*.

*Mitchem* addressed the propriety of the class action in the context of a suit challenging prison conditions. There we stated that:

"In the present case there is little doubt that a class action was proper. It is asserted that approximately nine thousand inmates may be housed in the jail during the course of a year with approximately one hundred and fifty inmates at any one time. This fact is clearly sufficient to establish numerosity. The jail conditions which are the subject of the law suit are applicable to all of the inmates and, therefore, common questions of law and fact exist and a common relief is sought." *Mitchem v. Melton*, 167 W.Va. at 34, 277 S.E.2d at 902.

Appellants assert that 170 persons were placed in the jail during December of 1980, and that 1,135 persons were lodged in the jail over the entire year of 1980. As in *Mitchem*, numerosity is established. Also, the conditions addressed in appellants' complaint clearly affect all the inmates, and a common relief is sought.

■ As in the case now before us, the named plaintiff in *Mitchem* ceased to be an inmate of the facility whose conditions he sought to challenge by class action before final judgment was entered. We remanded that proceeding to the circuit court with directions that the appellant be permitted to proceed with his class action. The United States Supreme Court has indicated that a change of status does not require the court to dismiss a class action on the basis of mootness.[3] We find nothing in the fed-

3. In *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the United States Supreme Court addressed the issue of a class representative whose status changes during the course of litigation so that he is no longer a member of the class which he seeks to represent. In *Geraghty*, appellant had sought to challenge certain federal parole regulations through a class action. He sought class certification as required by Federal Rule of Civil Procedure 23, and this certification

was denied. Pending appeal of the denial of certification, Geraghty was unconditionally released from prison. The court considered the issue of mootness and held, in its syllabus, that:

"An action on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied, since the proposed representative of the class retains a 'personal stake' in obtaining class certification

eral cases cited by appellees to dictate a contrary result herein.[4]

We turn next to the appellees' contention that this appeal is time barred. We have noted that the December 31, 1980 order denying permission to proceed as a class action was not appealed. Within eight months of the December 31 order, appellants filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure seeking relief from the court's December 31 order based on the law as clarified by *Mitchem.*

 As we stated in Syllabus Point 2 of *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), "[a]n order denying a motion under Rule 60(b), W.Va.R.C.P., is appealable." In ruling on a 60(b) motion, the trial court must be guided by the principle that the rule is to be liberally construed to accomplish justice. *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (Syllabus Point 6).

In the recent case of *Gaines v. Drainer,* 169 W.Va. 547, 289 S.E.2d 184 (1982), we dealt with a situation similar to that presented in the case *sub judice.* In *Gaines* we reversed the trial court because it had failed to apply the comparative negligence doctrine adopted in *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979) in ruling on the appellant Gaines' 60(b) motion. We also set forth the standard of review in such cases: "Motions made under Rule 60(b) are addressed to the sound discretion of the trial court. Hence our standard of review is that the court's ruling on such a motion will stand unless it constituted an abuse of discretion."

*Gaines v. Drainer,* 169 W.Va. at ——, 289 S.E.2d at 185–186.

As we have discussed, the appellants clearly fall within the standards established in *Mitchem* for class standing and the trial court should have permitted them to proceed by class action in light of *Mitchem.* Under the circumstances, the trial court abused its discretion in denying appellants relief from its order prohibiting them from proceeding by class action.

Accordingly, we reverse and remand Case No. 15381 with directions that appellants be permitted to proceed by class action, and that they be immediately allowed to pursue all discovery permitted by law.

No. 15380—Writ Denied.

No. 15381—Reversed and Remanded with directions.

---

sufficient to assure that Art. III values are not undermined. If the appeal from denial of the class certification results in reversal of the denial, and a class subsequently is properly certified, the merits of the class claim then may be adjudicated pursuant to the holding in *Sosna v. Iowa,* 419 U.S. 393, [95 S.Ct. 553, 42 L.Ed.2d 532 (1974)] that mootness of the named plaintiff's individual claim after a class has been duly certified does not render the action moot."

4. The bulk of the cases cited by appellees do not involve any attempt to proceed by class action

and are therefore inapposite. *United States ex rel. Jones v. Rundle,* 453 F.2d 147 (3rd Cir. 1971); *Rhodes v. Bureau of Prisons,* 477 F.2d 347 (5th Cir. 1973); *Franklin v. Fortner,* 541 F.2d 494 (5th Cir. 1976); *Inmates v. Owens,* 561 F.2d 560 (4th Cir. 1977); *Wycoff v. Brewer,* 572 F.2d 1260 (8th Cir. 1978); *Wright v. El Paso County Jail,* 642 F.2d 134 (5th Cir. 1981). A case cited by appellee which does involve an attempt to proceed as a class action is *Clay v. Miller,* 626 F.2d 345 (4th Cir. 1980) (Per Curiam), however, this case was resolved as being moot. Though decided after *Geraghty, Clay* does not note *Geraghty.*