358 S.E.2d 455

Milburn SHARP

v.

SOUTHERN WEST VIRGINIA REGIONAL HEALTH COUNCIL, a corporation, etc.

No. 17387.

Supreme Court of Appeals of West Virginia.

June 18, 1987.

3. The cases were filed separately and were only consolidated for purposes of appeal.

Robert S. Baker, Beckley, for appellant.

N. Robert Grillo, Beckley, for appellee.

McGRAW, Chief Justice:

This is an appeal by the appellant, Milburn Sharp, from a final order of the Circuit Court of Raleigh County, entered May 9, 1986, which denied his motion to vacate a judgment dismissing a civil action brought against the appellee, Southern West Virginia Regional Health Council, for discriminatory hiring practices in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1 *et seq.* The appellant contends that the lower court erred in concluding that the action was untimely because it was not filed within ninety days after the alleged act of discrimination. We agree, and we reverse the judgment of the circuit court.

The complaint, filed on February 20, 1985 in the Circuit Court of Raleigh County, alleged that on July 23, 1984 the appellee had refused to hire the appellant because of a physical handicap, allegedly in violation of the provisions of the West Virginia Human Rights Act.[1] The appellant sought declaratory and injunctive relief and monetary damages.

On March 28, 1985, the appellee filed a motion to dismiss the complaint, in part on the ground that the appellant had failed to institute proceedings within ninety days after the alleged act of discrimination, as required by W.Va.Code § 5-11-10 [1971].[2] By letter dated November 6, 1985, the circuit court advised the parties of its decision to hold that the statute was applicable to the appellant's action and to dismiss the complaint as not timely filed. The findings and conclusions of the circuit court were incorporated by reference into a final order entered December 27, 1985.

On December 10, 1985, the appellant filed a motion to vacate the judgment of dismissal on the ground that this Court had subsequently recognized in *Price v. Boone County Ambulance Authority,* 175 W.Va. 676, 337 S.E.2d 913 (1985) that the ninety-day statute of limitations was not applicable to civil actions brought in circuit court to redress violations of the Human Rights Act. The circuit court, however, affirmed its prior ruling as to the applicability of the statute and, by order entered May 9, 1986, denied the appellant's motion to vacate the judgment.

The only issue in this case is whether the trial court erred in refusing to vacate the judgment dismissing the action below. Such a motion is governed by the provisions of Rule 60(b) of the West Virginia Rules of Civil Procedure.[3] *Intercity Realty Company v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970). "A motion to

---

1. W.Va.Code § 5-11-9 (1987 Replacement Vol.) provides in pertinent part:

    It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or except where based upon applicable security regulations established by the United States or the state of West Virginia or its agencies or political subdivisions:

    (a) For any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or handicapped: Provided, That it shall not be unlawful discriminatory practice for an employer to observe the provisions of any bona

    fide pension, retirement, group or employee insurance, or welfare benefit plan or system not adopted as a subterfuge to evade the provisions of this subdivision....

2. W.Va.Code § 5-11-10 [1971], the statute then in effect, provided, in pertinent part: "Any complaint filed pursuant to this article must be filed within ninety days after the alleged act of discrimination." In 1987, this provision was amended to provide for a 180-day limitations period. *See* W.Va.Code § 5-11-10 (1987 Cum. Supp.).

3. W.Va.R.Civ.P., Rule 60(b) provides, in pertinent part:

    On motion and upon such terms as are just, the court may relieve a party or his legal

vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus point 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). A similar rule obtains even where the proceedings are not governed by the Rules of Civil Procedure. *See Manypenny v. Graham,* 149 W.Va. 56, 138 S.E.2d 724 (1964).

■ The appellant contends that the circuit court here abused its discretion in concluding that his claim was barred by the ninety-day statute of limitations provided in W.Va.Code § 5–11–10 [1971]. We have recognized that compliance with this provision is a jurisdictional prerequisite to proceedings before the Human Rights Commission. *West Virginia Human Rights Comm'n v. United Transp. Union, Local 655,* 167 W.Va. 282, 280 S.E.2d 653 (1981). *See also Allen v. State Human Rights Comm'n,* 174 W.Va. 139, 324 S.E.2d 99 (1984).

■ In *Price v. Boone County Ambulance Authority, supra,* we held that one who seeks to enforce his rights under the Human Rights Act may, as an alternative to filing an administrative complaint with the Human Rights Commission, initiate a civil proceeding in circuit court in the first instance. Although we did not specifically address the question of the statute of limitations applicable to such actions, we did state, at footnote 7:

As for whether this action was timely, the complaint in this case was filed 117 days after the allegedly discriminatory act, and would, therefore, fall within even a one-year statute of limitations. We note with approval, however, the opinion of the Court of Appeals for the

Fourth Circuit in *McCausland v. Mason County Bd. of Educ.,* 649 F.2d 278 (4th Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981), which applied the two-year limitations period for personal injuries to a civil rights claim. *See* W.Va.Code § 55–2–12 (1981). 175 W.Va. at 679, 337 S.E.2d at 916.

The clear import of this language is that the ninety-day limitations period specified in W.Va.Code § 5–11–10 is not applicable to civil actions brought for violations of the Human Rights Act in the circuit court in the first instance. The circuit court, here, however, concluded that the application of any longer statute of limitations to such actions would encourage claimants to bypass the administrative procedures available in favor of judicial resolution of such claims, thereby defeating the spirit and intent of the Act.

We conclude differently. The administrative remedies provided under the Human Rights Act were designed "to circumvent civil or criminal suits for civil rights violations, which had proven expensive and ineffective, and to utilize instead administrative investigation, conciliation, and enforcement." *Price v. Boone County Ambulance Authority,* 175 W.Va. at 678, 337 S.E.2d at 915. Experience teaches that the majority of complainants should opt for the expedited resolution of claims offered by the administrative process rather than take on the onerous burden of prosecuting a civil action through the courts.

More importantly, the provisions of the Human Rights Act themselves indicate the Legislature's intention that the ninety-day statute of limitations not apply to suits brought in circuit court. W.Va.Code § 5–11–13(b) (1987 Replacement Vol.) requires the Human Rights Commission to issue the complainant a right to sue letter, a mechanism for transferring a case to circuit court for resolution, where the administrative

representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other mis-

conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

process proves to be too slow. *Price v. Boone County Ambulance Authority, supra. See also Gray v. Avashia,* 637 F.Supp. 960 (S.D.W.Va.1986). The statute further provides, in pertinent part, that

> a complainant may institute an action against a respondent in the county wherein the respondent resides or transacts business at any time within ninety days after the complainant is given notice of a right to sue ... *or, if the statute of limitations on the claim has not expired at the end of such ninety-day period, then at any time during which such statute of limitations has not expired.* (Emphasis added)

The clear intent of this section was to afford a complainant who transfers his case from the Human Rights Commission to circuit court the full benefit of whatever statute of limitations would have been applicable had suit been filed in the circuit court in the first instance. The plaintiff who chooses direct action in the circuit court is entitled to no less.

Other courts have reached the same conclusion. In interpreting a statute similar to our Human Rights Act, the New York Court of Appeals recently stated:

> [T]here are persuasive reasons why provision should be made for different periods of time within which claims for unlawful discrimination may be made-one for administrative relief, the other for judicial remedy. The procedures, practices, and remedies, indeed the entire perspective of administrative intervention under the Human Rights Law, differ radically from the traditional course of judicial adjudication. Moreover, in this instance, [the statute] expressly provides that where the division, on the grounds of administrative convenience, dismisses a complaint filed with it, the complainant may then bring a civil suit. This possibility suggests the practical desirability if not necessity of staggered periods of

limitation, with a longer period fixed for the commencement of civil actions.

*Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 306–307, 461 N.Y.S.2d 232, 238–239, 448 N.E.2d 86, 92 (1983). *See also Nolan v. Otis Elevator Co.,* 197 N.J.Super. 468, 485 A.2d 312 (1984), *reversed on other grounds,* 102 N.J. 30, 505 A.2d 580, *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 38 (1986); *Morris v. Kaiser Engineers, Inc.,* 14 Ohio St.3d 45, 14 O.B.R. 440, 471 N.E.2d 471 (1984).

In summary, we think it is clear that the circuit court erred in concluding that the appellant's civil action was barred by his failure to file his complaint within ninety days of the alleged act of discrimination. In *Price v. Boone County Ambulance Authority, supra,* we indicated that the limitations period contained in W.Va.Code § 5–11–10 was not applicable to cases brought in the circuit court in the first instance to enforce rights under the Human Rights Act.[4] Accordingly, we conclude that the circuit court erred in not granting the appellant's motion to vacate the prior judgment dismissing the complaint. *See State ex rel. Miller v. Sencindiver,* 170 W.Va. 288, 294 S.E.2d 90 (1982); *Gaines v. Drainer,* 169 W.Va. 547, 289 S.E.2d 184 (1982).

For the reasons stated herein, we reverse the judgment of the Circuit Court of Raleigh County, and we remand the case to that court with directions that the appellant be permitted to prosecute his civil action against the appellee.

Reversed and remanded with directions.

---

**4.** We need not here decide the particular statute of limitations applicable to the civil action below. Since the Human Rights Act does not contain a specific statute of limitations with respect to civil actions in circuit court for enforcement of the rights guaranteed thereunder, reference must be had to the statutory limitations periods contained in W.Va.Code §§ 55–2–12 and 55–7–8a (1981 Replacement Vol.). *See*

*Stanley v. Sewell Coal Co., .*169 W.Va. 72, 285 S.E.2d 679 (1981); *Snodgrass v. Sisson's Mobile Home Sales, Inc.,* 161 W.Va. 588, 244 S.E.2d 321 (1978). Since the complaint in this case was filed only seven months after the alleged act of discrimination, it fell within the minimum one-year period of limitations applicable under these statutes.