**In the Matter of Sherri L. LYONS, Debtor–Appellee.**

**Robert M. MAGILL, Trustee, Plaintiff–Appellant,**

v.

**STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Defendant–Appellee.**

No. 90–3208.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 4, 1991.

Decided March 6, 1992.

the State Employees' Retirement System (SERS), Ill.Rev.Stat., ch. 108½, §§ 14–101 *et seq.*, in which mandatory contributions are deducted from her wages. Employees are allowed to withdraw their contributions only upon termination of employment, retirement, or disability. SERS has no provision for withdrawal of any contributions for hardship, loans, or payments to creditors.[1]

Lyons claimed an exemption of her SERS contributions in her voluntary Chapter 7 bankruptcy petition. The Trustee of Lyons' bankruptcy estate filed an objection to the exemption and a complaint in the bankruptcy court pursuant to 11 U.S.C. § 542 directing SERS to turn over her contributions. The bankruptcy court found that the contributions were nonexempt property of Lyons' estate pursuant to 11 U.S.C. § 541(c)(1) and ordered their immediate turnover to the Trustee. On appeal, the district court reversed the turnover order of the bankruptcy court because Lyons was employed by the State at the time she filed her petition and had no right to demand distribution of the money. The Trustee appeals and we affirm.

The majority of lower courts that have considered whether a trustee can compel the turnover of funds where a debtor has no present right to the funds have prohibited the turnover because the trustee's claim to estate property is no greater than the debtor's claim at the time of filing. 11 U.S.C. § 541. *See In re Silldorff,* 96 B.R. 859 (C.D.Ill.1989); *In re Groves,* 120 B.R. 956 (Bankr.N.D.Ill.1990); *In re Balay,* 113 B.R. 429 (Bankr.N.D.Ill.1990); *In re Loe,* 83 B.R. 641 (Bankr.Minn.1988); *In re DeWeese,* 47 B.R. 251 (Bankr.W.D.N.C. 1985); *In re Sheridan,* 38 B.R. 52 (Bankr. Vt.1983). *See also In re Huff,* 61 B.R. 678 (N.D.Ill.1986); *In re Brooks,* 60 B.R. 155, 160 n. 4 (Bankr.N.D.Texas 1986); *In re Shepard,* 29 B.R. 928 (Bankr.M.D.Fla. 1983). We agree with this line of reasoning. Even if Lyons' contributions to SERS

Mariann Pogge (argued), Springfield, Ill., for plaintiff-appellant.

Deborah L. Ahlstrand, Asst. Atty. Gen. (argued), Chicago, Ill., for defendant-appellee.

R. Stephen Scott, Springfield, Ill., for debtor-appellee.

Before CUMMINGS, WOOD, Jr.* and KANNE, Circuit Judges.

KANNE, Circuit Judge.

As an employee of the State of Illinois, Sherri L. Lyons is required to participate in

---

* Judge Wood, Jr. assumed senior status on January 16, 1992, which was after oral argument in this case.

1. The facts are not in dispute and are more fully set forth in the district court's opinion, 118 B.R. 634 (C.D.Ill.1990).

are property of her estate, she has no right to a distribution of the funds until her termination of employment, retirement or disability. Therefore, because Lyons has no present right to withdraw her contributions, neither does the Trustee.[2]

Although we recognize our holding does not further one of the goals of the Bankruptcy Code—to encourage the expeditious administration of the estate for the benefit of creditors—granting the Trustee the right to compel the immediate distribution of Lyons' contributions would be to give him greater rights in the property of her estate than she had at the time her petition was filed. The Code forbids such a result.[3]

The judgment of the district court is AFFIRMED.

---

2. Because we agree that the bankruptcy court erred in ordering the turnover of Lyons' contributions because she had no right to demand their distribution, we need not address the other issues considered by the district court.

3. *Contra In re Swanson*, 873 F.2d 1121 (8th Cir.1989) (affirming turnover order without discussing basis); *In re Kincaid*, 96 B.R. 1014 (Bankr. 9th Cir.1989) (same), *rev'd*, 917 F.2d 1162 (9th Cir.1990); *In re Tomer*, 117 B.R. 391 (Bankr.S.D.Ill.1990); *In re Green*, 115 B.R. 1001 (Bankr.W.D.Mo.1990); *In re Schmitt*, 113 B.R. 1007 (Bankr.W.D.Mo.1990); *In re Mead*, 110 B.R. 434 (Bankr.W.D.Mo.1990); *In re Smith*, 103 B.R. 882 (Bankr.N.D.Ohio 1989).