**In the Matter of Donald E. SANDERS and Donna J. Sanders, Debtors.**

**Appeal of Stephen R. CLARK, Trustee.**

No. 91–2541.

United States Court of Appeals, Seventh Circuit.

Submitted April 10, 1992.

Decided Aug. 5, 1992.

Terrell L. Sharp, William K. Richardson, Mt. Vernon, Ill., for appellant.

Kathleen O'Brien, Illinois Mun. Retirement Fund, Chicago, Ill., for appellee.

Richard E. White, Murphysboro, Ill., for debtors.

Before POSNER and MANION, Circuit Judges, and BURNS, Senior District Judge.*

* Hon. James M. Burns, Senior District Judge for the District of Oregon, is sitting by designation.

1. The proceedings below also involved Donald Sanders' contributions to the Teacher's Retirement System (TRS), Ill.Rev.Stat. ch. 108½,

MANION, Circuit Judge.

Donna Jean Sanders, an employee of St. Clair County, Illinois, made contributions to the Illinois Municipal Retirement Fund (IMRF), a public employee pension plan organized and governed by the Illinois Pension Code. Ill.Rev.Stat. ch. 108½, §§ 7–101 *et seq.* As a county employee, Donna is required to participate in the IMRF. Ill. Rev.Stat. ch. 108½, § 7–137(a). Employee contributions to the IMRF are made by mandatory wage deductions. Ill.Rev.Stat. ch. 108½, § 7–173. An employee may only withdraw her accumulated contributions to the IMRF upon termination of employment or death. Ill.Rev.Stat. ch. 108½, §§ 7–163, 7–164, 7–166, 7–168. Upon withdrawing her contributions, the employee forfeits all pension rights. Ill.Rev.Stat. ch. 108½, §§ 7–139(d), 7–166(2). The IMRF has no provision for withdrawal of any contributions for hardship, loans or payments to creditors.

In 1989, Donald and Donna Sanders filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code and claimed Donna's IMRF contributions as exempt from the bankruptcy estate. The Trustee of the Sanders' bankruptcy estate, appellant Stephen R. Clark, objected to the exemption and filed this adversary proceeding to compel the IMRF to turn over Donna's accumulated contributions. The bankruptcy court granted summary judgment against the Trustee holding that the contributions were exempt from the bankruptcy estate. The Trustee appealed to the district court which found that the contributions were not exempt. The district court affirmed the grant of summary judgment, however, holding that the Trustee could not compel turnover of the accumulated contributions because Donna, who was still employed by the County, had no present right to the funds. The Trustee appeals arguing that he is entitled to immediate turnover of the contributions. We affirm.[1]

§§ 16–101 *et seq.* Both the bankruptcy court and the district court held that the TRS contributions are exempt from the bankruptcy estate, and the Trustee does not appeal this holding.

■ Until recently, and at the time of the district court decision in this case, the federal courts in this circuit were split on the issue of whether a trustee could compel turnover of accumulated contributions in pension plans when, by resigning, an employee would have an immediate right to the funds. At least one court had held that a trustee could compel turnover of contributions to a pension plan. *See In re Tomer*, 117 B.R. 391, 396–97 (Bankr.S.D.Ill. 1990). The majority of courts, however, had concluded that a trustee could not compel turnover of funds a debtor could not reach without resigning or becoming disabled. *See, e.g., In re Silldorff*, 96 B.R. 859, 866–67 (C.D.Ill.1989); *In re Groves*, 120 B.R. 956, 965–67 (Bankr.N.D.Ill.1990); *In re Balay*, 113 B.R. 429, 443–46 (Bankr. N.D.Ill.1990).

The split was resolved by this Court in *In re Lyons*, 957 F.2d 444 (7th Cir.1992). *Lyons* involved a debtor's accumulated contributions in the State Employees' Retirement System (SERS), Ill.Rev.Stat. ch. 108½, §§ 14–101 *et seq.* Employees of the State of Illinois are required to participate in SERS and mandatory contributions are deducted from wages. Employees are allowed to withdraw their contributions to SERS only upon termination of employment, retirement or disability. *Lyons*, 957 F.2d at 445. The court held that the trustee could not compel turnover of the debtor's contributions to SERS because, until her termination of employment, retirement or disability, the debtor had no present right to withdraw those contributions. *Id.* at 445–46.

■ The *Lyons* decision is founded on the basic tenet of bankruptcy law that a bankruptcy trustee succeeds only to the title and rights in property that the debtor had at the time she filed the bankruptcy petition. 11 U.S.C. § 541; *In re Schauer*, 835 F.2d 1222, 1225 (8th Cir.1987); *Groves*, 120 B.R. at 965. Filing a bankruptcy petition does not expand or change a debtor's interest in an asset; it merely changes the party who holds that interest. *See Silldorff*, 96 B.R. at 866. Further, a trustee takes the property subject to the same restrictions that existed at the commencement of the case. " 'To the extent an interest is limited in the hands of a debtor, it is equally limited as property of the estate.' " *Balay*, 113 B.R. at 445 (quoting 4 Collier on Bankruptcy ¶ 541.06 (15th ed. 1989)).

■ Accordingly, a trustee's interest in a pension plan must be limited to the same extent as the debtors' interest. A trustee's ability to compel turnover of pension plan contributions depends upon the nature of the debtor's interest in those contributions. Donna Sanders is still working for St. Clair County and making mandatory contributions to the IMRF. Donna's interest in her IMRF contributions is controlled by statute, the Illinois Pension Code. Here, as in *Lyons*, the Illinois Pension Code gives Donna the right to withdraw her contributions only upon termination of employment or death. Nothing in the Bankruptcy Code allows this court to rewrite the Illinois Pension Code. *See Groves*, 120 B.R. at 966 ("nothing in the Bankruptcy Code or Rules allows this court to rewrite the agreement between the debtor and SERS"). Further, there are no Bankruptcy Code provisions that would permit this court to require Donna to quit her job so that she (and thus the Trustee) could have immediate access to the IMRF contributions, and it would be antithetical to the fresh start purpose of the Bankruptcy Code to do so. *See Groves*, 120 B.R. at 965 ("Nothing in the Bankruptcy Code or Rules gives the bankruptcy court the power to force the debtor to quit her job in order to mature her claim to a return of her SERS contributions for the benefit of the trustee."); *Balay*, 113 B.R. at 445 ("Clearly there are no Code provisions that would permit the Trustee to require the Debtor and his employer to terminate the Debtor's employment as a means of affording the Trustee immediate access to the Debtor's Plan interests.").

At this time, therefore, Donna cannot reach her IMRF contributions—she has no present right to those contributions. Thus, as in *Lyons*, the Trustee has no present right to the contributions and cannot compel turnover of the funds. To hold otherwise would mean that the Trustee is enti-

tled to receive funds which Donna herself is unable to presently receive and would "grant the Trustee greater rights than those of the Debtor." *Balay*, 113 B.R. at 445.

The judgment of the district court is AFFIRMED.