**In the Matter of Otis L. DUNN, Sr., Debtor–Appellee.**

**Appeal of STATE OF ILLINOIS.**

**No. 92–1862.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 13, 1992.

Decided March 9, 1993.

Deborah L. Ahlstrand, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, IL, John Brunsman, Asst. Atty. Gen., Office of the Atty. Gen., Springfield, IL, for State of Illinois.

Vernon H. Houchen, Decatur, IL, for Vernon H. Houchen, as Trustee in Bankruptcy.

Lila B: Gates, Albert J. Lucas, Jones, Day, Reavis & Pogue, Cleveland, OH, for Bridgestone/Firestone, Inc.

James L. Proffitt, Pana, IL, for Otis L. Dunn, Sr.

Before BAUER, Chief Judge, CUMMINGS, and RIPPLE, Circuit Judges.

PER CURIAM.

Plaintiff–Appellee, and trustee in bankruptcy, Vernon Houchen has filed a motion to dismiss the appeal of the State of Illinois in the present case. Mr. Houchen submits

---

that the issue on appeal has been resolved and no justiciable case or controversy remains. Because we determine that the State of Illinois has a sufficient continuing interest in this appeal, we deny the motion. However, we summarily affirm the order of the district court.

## I. BACKGROUND

Mr. Houchen, the trustee in bankruptcy, filed an adversary proceeding in bankruptcy court to effectuate a turnover to the estate of debtor Otis L. Dunn, Sr.'s contributions to a qualified 401(k) plan. Mr. Houchen argued that contributions to the plan were not excluded from the estate under 11 U.S.C. § 541 and, further, were not exempted from the estate under Ill. Rev.Stat. ch. 110, para. 12–1006(a)(i), because the state exemption provision was preempted by § 514 of ERISA, 29 U.S.C. § 1144. The State of Illinois subsequently intervened pursuant to 28 U.S.C. § 2403(b)[1] to defend against Mr. Houchen's claim that the Illinois exemption provision was preempted by ERISA.

In its October 11, 1990 order, the bankruptcy court concluded that, although the contributions were not excluded from the estate under 11 U.S.C. § 541 nor exempted under Illinois law (due to preemption by ERISA), they were nevertheless not part of the estate. The court relied on a recent decision, *In re Lyons*, 118 B.R. 634 (C.D.Ill. 1990), *aff'd*, 957 F.2d 444 (7th Cir.1992), which held that the trustee's interest in a retirement fund is limited to the debtor's interest in such a fund. The district court, upon review, affirmed the bankruptcy court's decision on March 11, 1992. The district court held that the Illinois exemption provision was preempted by § 514(a) of ERISA, 29 U.S.C. § 1144, and refused to direct a turnover of the contribution assets

to the estate. Shortly thereafter, however, the Supreme Court of the United States held that contributions to ERISA qualified plans were indeed excluded from bankruptcy estates under 11 U.S.C. § 541(c)(2). *Patterson v. Shumate*, —— U.S. ——, ——––——, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 (1992). Aware that this decision finally resolved his claim to the debtor's pension plan contributions, Mr. Houchen terminated all efforts to obtain the contributions made to the debtor's 401(k) fund. Mr. Houchen then filed the present motion to dismiss arguing that the appeal is moot and should be dismissed.

## II. ANALYSIS

It is well established that the jurisdiction of the federal courts is limited by Article III of the Constitution to "ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 476, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *see also North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). That is, federal jurisdiction is limited to those cases in which "a litigant ... ha[s] suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 476, 110 S.Ct. at 1253.

In the present appeal, Mr. Houchen asserts that no case or controversy currently exists because the bankruptcy proceedings have concluded, the trustee has filed a "Report of No Distribution," and the Supreme Court has held retirement fund contributions excluded from the bankruptcy estate. Mr. Houchen further maintains that, although the status of Illinois' exemption provision remains questionable with regard to possible ERISA preemption, the State of Illinois does not have "an actual

---

**1.** (b) In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admis-

sible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

injury ... likely to be redressed by a favorable judicial decision." *Id.* We cannot agree that this case is moot. The Supreme Court has stated explicitly that "a State clearly has a legitimate interest in the continued enforceability of its own statutes" and has held that this interest is sufficient to "satisfy the constitutional requirement of genuine adversity" even when the intervening state is the sole appellate party. *Maine v. Taylor,* 477 U.S. 131, 136–37, 106 S.Ct. 2440, 2446, 91 L.Ed.2d 110 (1986).[2] Furthermore, we have also noted that an intervening state, acting as the sole litigant on appeal, would have the right to defend the constitutionality of one of its statutes if the statute's validity was challenged by a district court ruling. *Sutton v. City of Milwaukee,* 672 F.2d 644, 649 (7th Cir.1982) (holding that the vacatur of a district court order declaring a Wisconsin state statute unconstitutional defeated the otherwise sufficient standing of the state to defend the challenged law). Thus, we conclude that the State of Illinois has standing to defend the enforceability of its exemption statute and refuse to dismiss the State's appeal as moot.

Because we conclude that the State of Illinois has standing to prosecute the present appeal, we now address the merits. The State of Illinois disputes the district court's holding that the Illinois exemption provision, Ill.Rev.Stat. ch. 110, para. 12–1006(a)(i), is preempted by ERISA. The district court, in holding that the contribution assets were excluded from the estate, relied upon its earlier decision in *In re Lyons,* 118 B.R. 634 (C.D.Ill.1990), *aff'd,* 957 F.2d 444 (7th Cir.1992). Since that time, however, the Supreme Court has determined that contributions to ERISA-qualified plans are excluded from the bankruptcy estate, *Patterson v. Shumate,* — U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), and both parties recognize that this decision finally resolves the issue of the

status of the debtor's contribution assets. We therefore affirm the judgment of the district court on this basis alone. Consequently, we do not reach the issue of the preemption of Illinois' exemption provision by ERISA. Because we have no occasion to rule on the applicability of Illinois' exemption provision, the district court's ruling concerning ERISA preemption lacks precedential effect. Our decision is based solely on the Supreme Court's ruling in *Patterson v. Shumate.* We therefore affirm the judgment of the district court that the debtor's contributions to an ERISA-qualified retirement plan are excluded from the bankruptcy estate.

## III. CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED and the judgment of the district court is AFFIRMED. No costs in this court.

MOTION TO DISMISS—DENIED

JUDGMENT AFFIRMED.

---

**2.** In *Diamond v. Charles,* the Supreme Court again alluded to the sufficiency of this state interest when it explained that "[e]ven if there were circumstances in which a private party [as opposed to a state party] would have standing to defend the constitutionality of a challenged stat-

ute, this is not one of them." *Diamond v. Charles,* 476 U.S. 54, 65, 106 S.Ct. 1697, 1705, 90 L.Ed.2d 48 (1986) (indicating that only a state may defend the constitutionality and enforceability of a challenged abortion law).