45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 In re Monty P. McCLELLAN, Debtor-Bankrupt Appellant.
Marsha Fesler NEWMAN, Trustee-Appellee,
v.
NATIONAL BANK OF MONMOUTH, Garnishor-Appellant.
 Nos. 94-1255, 94-1284.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 20, 1994.
Decided Jan. 6, 1995.
 
 Before CUMMINGS, FERGUSON* and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Monty P. McClellan and the National Bank of Monmouth (the "bank"), both filed motions in the bankruptcy court to obtain ERISA-qualified pension funds from McClellan's bankruptcy trustee. The bankruptcy court denied the motions and allowed the trustee to retain the funds. The district court affirmed this decision, and McClellan and the bank now appeal. We review the bankruptcy court's jurisdiction to decide this matter de novo, Pershing Division of Donaldson, Lufkin & Jenrette Securities Corporation v. United States, 22 F.3d 741, 743 (7th Cir.1994), and reverse because the bankruptcy court lacked subject matter jurisdiction over these funds.
 
 
 2
 Patterson v. Shumate, --- U.S. ----, 112 S.Ct. 2242, 2247 (1992), holding that ERISA-qualified pension plans are excluded from the bankruptcy estate pursuant to 11 U.S.C. Sec. 541(c)(2), is dispositive. See also Matter of Dunn, 988 F.2d 45, 47 (7th Cir.1993) (following Patterson ). In determining whether Patterson applies retroactively to this case, the district court applied the wrong test for retroactivity, using Chevron Oil Co. v. Huson, 404 U.S. 97 (1971). The appropriate test for retroactivity is set forth in James B. Beam Distilling Co. v. Georgia, 501 U.S. 529 (1991). "When the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." Id. at 544. In addition to procedural bars, litigants may raise "reliance interests entitled to consideration in determining the nature of the remedy that must be provided." Id. See also Bennett v. Jett, 966 F.2d 207, 208 (7th Cir.1992).
 
 
 3
 The rule of law applied in Patterson was applied to the litigants in that case. Thus the rule must be applied to all other litigants in cases prior to and after Patterson, unless barred by procedural requirements, res judicata, or reliance interests. Although laches can act as a bar on the basis of a reliance interest, in this case laches is not a bar because no substantial prejudice accrued to the estate or to any other interested party. Hence, pursuant to Patterson, the pension plans in this case are excluded from the bankruptcy estate.
 
 
 4
 Patterson's applicability in this case rendered the bankruptcy court without subject matter jurisdiction to distribute the pension plans. Bankruptcy courts do not have subject matter jurisdiction over property excluded from or outside the bankruptcy estate. See, e.g., In re Hagel, 171 B.R. 686, 688 (Bankr.D.Mont.1994) ("[i]n a Chapter 7 case a bankruptcy court does not have jurisdiction over and cannot administer exempt property because such property could not 'conceivably have any effect' on the estate"). Since the bankruptcy court did not have jurisdiction over the pension plans, it could not distribute their assets to the trustee. The judgment of the district court is REVERSED.
 
 
 
 *
 The Honorable Warren J. Ferguson, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation