In re Ronald COOMER, Debtor.

**Bruce C. French, Trustee, Plaintiff,**

**v.**

**M.A. Johnson, Defendant.**

Nos. 07–3068, 06–33481.

United States Bankruptcy Court, N.D. Ohio.

Aug. 17, 2007.

Bruce C. French, pro se.

Randy Lee Reeves, Lima, OH, for Defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Plaintiff/Trustee's Motion for Summary Judgment and Memorandum in Support, and the Defendant's Response thereto. The Motion for Summary Judgment is brought on the Plaintiff/Trustee's Complaint for Turnover of Estate Property. This Court has now had the opportunity to review the arguments of the Parties, the exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff/Trustee's Motion for Summary Judgment should be Denied.

### FACTS

On November 23, 2006, the Debtor, Ronald Glen Coomer, filed a voluntary petition

in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Plaintiff, Bruce French, was appointed trustee of the Debtor's bankruptcy estate. The Plaintiff continues to serve in this capacity.

At the time he filed his petition for relief, the Debtor maintained on deposit the sum of $750.00 with the Defendant, M.A. Johnson. Said deposit was previously given as security for a residential lease entered into between the Defendant, as the landlord, and the Debtor as the tenant. The Debtor did not make, nor does the Debtor now assert any right to an exemption in the funds held on deposit by the Defendant. By way of this action, the Trustee now seeks the turnover of the funds held on deposit by the Defendant.

### DISCUSSION

■ The action before the Court is the Trustee's Complaint for Turnover of Estate Property. The adjudication of matters concerning the turnover of estate property are deemed to be core proceedings over which this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(E).

On his Complaint for Turnover of Property, the Trustee seeks Summary Judgment. Under the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, a party will prevail on a motion for summary judgment when, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); FED.R.CIV.P. 56(c). In order to prevail, the movant must demonstrate all the elements of the cause of action, but once that burden is established, the opposing party may not merely rest upon their pleadings. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Instead, upon the moving party meeting their burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must, however, be viewed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995).

The Trustee brings his Complaint for "Turnover" under § 542. (Doc. No. 1). Subsection (a) of this provision provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Subject therefore to its applicable exceptions, § 542(a) allows a trustee to obtain the turnover of any property which can be used or sold or which the debtor can claim as exempt.

■ Generally, a trustee can only use or sell property of the estate. 11 U.S.C. § 363(b)(*l*). Likewise, a debtor may only exempt property of the estate. 11 U.S.C. § 522(b)(1). Thus, although not specifically stated in § 542, fundamental to the concept of "Turnover" is that the asset to be turned over must be property of the debt-

or's bankruptcy estate. *In re Sims*, 278 B.R. 457, 475 (Bankr.E.D.Tenn.2002).

The bankruptcy estate arises at the commencement of a case. 11 U.S.C. § 541(a). The bankruptcy trustee is deemed to be the representative of the estate, with the "capacity to sue and be sued." 11 U.S.C. § 323. To this end, it is the Trustee's position that he is entitled to the turnover of the security deposit held by the Defendant in this matter because "there can be no dispute that the deposit being held by the Defendant at the time of the bankruptcy filing, became property of the estate by virtue of 11 U.S.C. § 541." (Doc. No. 10, at pg. 3).

■ Property of the estate is defined by the Bankruptcy Code as being comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition of estate property is intentionally broad and will reach to bring within the estate every conceivable interest that the debtor may have in property, including that which typifies the very nature of a security deposit: a future and nonpossessory interest maintained by a debtor in property held by another. *McGahren v. First Citizens Bank & Trust (In re Weiss)*, 111 F.3d 1159, 1166 (4th Cir.1997); *In re World Access, Inc.*, 324 B.R. 662, 680–81 (Bankr.N.D.Ill.2005). In this way, a deposit given for security under a lease may be generally defined as "[m]oney placed with a person as an earnest or security for the performance of some contract, to be forfeited if the depositor fails in his undertaking." BLACK'S LAW DICTIONARY 438 (6th ed.1990).

■ Yet, contrary to the position taken by the Trustee, the actual security deposit held by the Defendant does not become apart of the Debtor's bankruptcy estate. Rather, § 541(a) specifies that the estate is comprised of only the debtor's "interest" in property, not the actual property. This distinction is more than just academic.

■ Section 541(a), by limiting the scope of estate property to just that of the debtor's "interest" in the property, does not expand or change the scope of the debtor's interest in the asset. *Matter of Sanders*, 969 F.2d 591 (7th Cir.1992). Rather, § 541(a) merely places that "interest" in the bankruptcy estate. However, the estate's interest remains identical to and also limited to those interests held by the debtor when the petition was filed. "Whatever rights a debtor had at the commencement of the case continue into bankruptcy-no more, no less." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984).

■ It necessarily follows then that the trustee, as a representative of the estate, takes a debtor's property subject to same restrictions that existed on the debtor as of the commencement of case. *Matter of Sanders*, 969 F.2d 591 (7th Cir.1992). Similarly, the trustee is generally subject to any defenses "which might have been asserted against the [debtor] but for the filing of the petition." *Bank of Marin v. England*, 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966). In this matter, therefore, the Trustee's right to the security deposit held by the Defendant is derived from the Debtor's "interest" in the deposit. And to the extent that this "interest" is limited in the hands of the Debtor, it is equally limited in the hands of the Trustee. *In re Greer*, 242 B.R. 389, 397 (Bankr.N.D.Ohio 1999).[1]

---

1. Section 541(d) reiterates this principle, that an interest which is limited in the hands of

the debtor is equally limited in the hands of the estate, by providing, in pertinent part:

■ While bankruptcy law determines whether a debtor's "interest" in property ultimately becomes included within the bankruptcy estate for purposes of § 541(a), the actual existence and extent of a debtor's "interest" in property are initially defined by applicable nonbankruptcy law, usually state law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Abboud v. The Ground Round, Inc. (In re Ground Round)*, 482 F.3d 15, 17 (1st Cir.2007). In this matter, therefore, because all the events giving rise to this controversy occurred in the state of Ohio, it can be assumed that Ohio law governs the scope of the Debtor's interest in the security deposit held by the Defendant.

■ Under Ohio law, the landlord-tenant relationship arises as the result of contract,—commonly under the terms of a lease agreement. 65 Ohio Jur.3d *Landlord and Tenant* § 12A (2007). A security deposit is an incident of the lease agreement, and thus as with a lease, it is contractual in character. *Grubbs v. Rine*, 39 Ohio Misc. 67, 82, 315 N.E.2d 832, 841 (C.P.1974). Under § 541(a), the rights that a debtor has under a contract, including a lease, are included within the bankruptcy estate, and thereby subject to administration by the trustee. *Ralar Distributors, Inc. v. Rubbermaid, Inc. (In re Ralar)*, 4 F.3d 62, 67 (1st Cir.1993).

The contractual character of a security deposit has been defined, by Ohio law, as a personal obligation in the nature of a pledge between the landlord and the tenant. *Castlebrook Ltd. v. Dayton Properties Limited Partnership*, 78 Ohio App.3d 340, 348, 604 N.E.2d 808, 813 (1992). The pledge consists of mutually dependent promises whereby a lessee makes a payment of money to the lessor in exchange for the promises of the return of that money to the lessee upon the happening of certain conditions. *Skerl v. Sheet Metal Products Co.*, Cuyahoga Cty.App. No. 43743, unreported, *6–7 (July 1, 1982). Consistent with these characteristics, the Ohio Landlord Tenant Act, which applies to the Parties' relationship,[2] defines a security deposit to mean "any deposit of money or property to secure performance by the tenant under a rental agreement." O.R.C. § 5321.01(E).

■ As a pledge of security, the tenant retains title to and ownership of the security deposit. But as security, the tenant's interest in the deposit also takes subject to the landlord's right to retain the deposit, as security, until the discharge of the obligation(s) which the deposit was intended to secure—usually the full payment of rent under the terms of the parties' lease. Until that time, a tenant has no present right to the funds held on deposit by the landlord.[3]

Based on these characteristics of a security deposit, these conclusions logically follow: At the time the Debtor filed his bankruptcy case, his "interest" in the funds held by the Defendant, as security, includ-

---

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

2. O.R.C. § 5321.01, et seq.

3. The parties to a lease could, of course, agree to a contrary arrangement. However, in the absence of evidence of such an arrangement, and no such evidence was presented in this particular matter, it must be assumed that, until a tenant's obligations under a lease are completed, the tenant has no present right to those funds held by the landlord.

ed no present right of possession. Similarly, until the terms of his lease with the Defendant were completed, the Debtor had no right to demand the return of his security deposit. Finally, even when the lease was completed, the Defendant retained the right to setoff from the security deposit any damages that arose from the Debtor's breach of the lease agreement. *Tuteur v. P & F Enterprises, Inc.,* 21 Ohio App.2d 122, 255 N.E.2d 284 (1970); O.R.C. § 5321.16(B).

Accordingly, pursuant to § 541(a), the Trustee's "interest" in the Debtor's security deposit also took subject to these constraints. For purposes of his Motion for Turnover, the effect of this is straightforward: In his capacity as a representative of the Debtor's bankruptcy estate, the Trustee, like the Debtor, is not entitled to possession of the security deposit held by the Defendant.

▪ Notwithstanding, the Trustee, insofar as the Court could gather from the tenor of his arguments, both oral and written, seemingly argues that, despite his limited interest in the security deposit, § 542(a) provides him a substantive right to the security deposit. However, to the extent that this is the Trustee's position, it is misplaced. Section 542(a) is best viewed as an enabling provision, allowing the trustee to obtain possession of property only where the debtor otherwise had a right to possess the property. But where a debtor, and thus the trustee, does not have a right to possess or use property at the commencement of the case, the right generally cannot be acquired through a turnover action under § 542(a). *In re Sommer,* 28 B.R. 95, 96 (Bankr.D.Colo.1983). That is, a bankruptcy trustee may not compel the turnover of property pursuant to § 542(a) if the debtor had no right to obtain the

property. *See, e.g., Matter of Lyons,* 957 F.2d 444 (7th Cir.1992) (nonexempt contributions to a state employees' retirement system, which were held to be property of the estate,[4] were not subject to turnover to the bankruptcy trustee because the debtor, a state employee, was not entitled to receive such funds until retirement, disability, or termination of employment); *see also In re Lauria,* 243 B.R. 705, 709 (Bankr.N.D.Ill.2000) ("if the debtor does not have the right to possess or use the property at the commencement of a case, a turnover action cannot be used to acquire such rights.").

▪ To be sure, while § 542(a) cannot modify a creditor's substantive rights, it may modify a creditor's procedural rights. In *U.S. v. Whiting Pools,* the Supreme Court held that lien creditors who had seized property prior to bankruptcy, leaving debtors with the right of redemption only, nonetheless may be compelled to turn over possession of property to the estate pursuant to § 542. 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). According to the Court: "As does all bankruptcy law, § 542(a) modifies the procedural rights available to creditors to protect and satisfy their liens." 462 U.S. at 206, 103 S.Ct. at 2314. The Court then reasoned:

> § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings. The Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and those rights replace the protection afforded by the possession.

462 U.S. at 207, 103 S.Ct. at 2315. Following this holding, the Bankruptcy Appellate

---

4. However, generally such funds will be excluded altogether from property of estate.

*Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 (1992).

Panel for the Sixth Circuit similarly held in *Tidewater Fin. Co. v. Curry (In re Curry)*, that a Chapter 13 debtor, whose vehicle had been repossessed prepetition, was not required to pay the full redemption to obtain possession of the vehicle. 347 B.R. 596, 606–07 (6th Cir. BAP 2006).

 Yet, functionally, the holding in *U.S. v. Whiting Pools* is simply an application of the already stated principle of § 541(a) that the trustee steps into shoes of the debtor. In this way, the issue under § 542 is not whether the debtor *would* have obtained possession of the property at the time of the filing of the bankruptcy petition, but rather whether the debtor *could* have legally obtained possession of the property when the case was filed. Under the holding in *U.S. v. Whiting Pools*, a trustee may obtain possession of property of the estate so long as the debtor could have obtained possession of the property; whether the debtor would have ultimately exercised that right is not relevant. On the other hand, where the debtor had no right to the property in the first place, and thus could not have obtained the property through legal process, § 542(a) will not afford the trustee a substantive right to the property. *Daly v. Testo (In re Richardson)*, 267 B.R. 663, 667 (Bankr.D.Conn.2001) (turnover provision requires a trustee to "step into the shoes" of his debtor, "*cum onere*").

To construe § 542(a) otherwise—by reading into the provision a substantive right on the part of the trustee to obtain possession of property regardless if the debtor maintained such an "interest"— would inevitably lead to absurd results. Consider: a trustee, based solely upon a debtor's contingent remainderman interest in a parcel of real property, being able to obtain possession and control of that property as against the grantor. Or consider the situation where a debtor holds a secu-

rity interest against another's property, and the trustee, based solely upon that security interest, being able to obtain possession of the encumbered property despite the lack of any default on the part of the property's owner.

 In this district, the tax refund represents a common example of this lack of expansion of a trustee's substantive rights in a § 542(a) action for turnover. Pursuant to § 541(a), tax overpayments made by a debtor prior to the commencement of a case are included in a debtor's bankruptcy estate. *In re Smith*, 310 B.R. 320, 322 (Bankr.N.D.Ohio 2004). However, just as a debtor/taxpayer has no right to receive a refund of the tax overpayment until the following fiscal year, the trustee likewise has no right to make a demand upon the IRS for the immediate turnover of the debtor's tax overpayment under § 542(a).

Of course, for property such as tax overpayment in which the debtor does not yet have, but will in the future obtain a possessory interest, a trustee is authorized to keep an estate open so as to allow that interest to vest. Section 704(a)(1), in prescribing a trustee's duties, provides that a trustee is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" Still, with respect to security deposits held in connection with a lease, such discretion must be exercised with an eye toward § 365 of the Bankruptcy Code—entitled "Executory contracts and unexpired leases."

Section 365 affords special treatment for executory contracts and unexpired leases such as for the type presented in this matter: a residential lease of real property. Relevant here, § 365(a) provides that "the trustee, subject to the court's approval, may assume or reject any executory

contract or unexpired lease of the debtor." The trustee, faced with a debtor having a residential lease, is thus faced with two choices: rejection or assumption.

 If the lease is rejected, the Code deems it to be a breach of the contract. 11 U.S.C. § 365(g). As a breach of contract, the nonbreaching party is then entitled to a claim for damages as an unsecured creditor. 11 U.S.C. § 502(g)(1). Additionally, in the event of a breach, the parties' substantive rights under the lease are preserved. *In re Annabel*, 263 B.R. 19, 25–26 (Bankr.N.D.N.Y.2001). The significance: in most instances, a landlord's substantive right, in the event of a breach of the lease by the tenant, includes the right to retain the security deposit.

 It therefore stands to reason that, for a trustee to keep an estate open so as to obtain possession of a debtor's security deposit once it has vested, the debtor's lease would, in most instances, have to be assumed in accordance with § 365. Yet, this is unlikely to be advantageous for the estate. Among other things, the effect of assumption is to return the parties to their respective rights and duties under applicable law. *Wainer v. A.J. Equities, Ltd.,* 984 F.2d 679 (5th Cir.1993). For a trustee, this means that the estate must render, at full value, the debtor's bargained for performance. *In re Sudbury, Inc.,* 153 B.R. 776, 778 (Bankr.N.D.Ohio 1993). Thus, a trustee desiring to obtain a debtor's security deposit would, in all likelihood, have to expend resources from the estate to pay the costs associated with the lease—particularly, the estate would become responsible for paying the debtor's rent.

Section 365 of the Code also forces a trustee's hand with respect to a Chapter 7 debtor's residential lease. Under paragraph (d)(1), a trustee in a Chapter 7 case has only 60 days, commencing from when the case is filed, to assume an "unexpired lease of residential real property," otherwise the lease is deemed to be rejected by the estate. And as nothing in the record in this case reflects that the Trustee sought Court approval to assume the Debtor's lease, it can be assumed that, insofar as it concerns his estate, the Debtor's lease with the Defendant was rejected.

## SUMMATION

Based on the foregoing discussion, the Court makes these legal findings on the Trustee's Motion for Turnover of the security deposit held by the Defendant. First, pursuant to § 541(a), the Trustee's right to the security deposit held by the Defendant is derived solely from the Debtor's interest in the deposit. For this, the Debtor's "interest" in the deposit he provided to the Defendant does not include the right to have the deposit returned until the terms of the Parties' lease are completed. And until such time, the landlord, here the Defendant, is entitled to retain possession of such deposit as security.

 Second, § 542(a), the provision governing turnover, does not trump § 541(a) by providing the trustee a substantive right for the immediate possession of the security deposit held by the Defendant. Finally, the structure of the Bankruptcy Code shows that where a debtor, at the time the bankruptcy is filed, does not have a possessory interest in a security deposit, the trustee may still obtain possession of the deposit, once the interest becomes possessory, by assuming the lease pursuant to 11 U.S.C. § 365. The Debtor's lease in this matter, however, was not assumed by the Trustee.

Accordingly, based upon these legal findings, the Court is unable to find that, pursuant to FED.R.BANKR.P. 7056, the Plaintiff/Trustee is entitled to judgment as a matter of law. As such, the Trustee's

Motion for Summary Judgment must be Denied. In reaching the conclusions found herein, the Court has considered all the evidence, exhibits and arguments of counsel, regardless of whether they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of the Plaintiff/Trustee, Bruce C. French, Trustee, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that the Trustee report to the Court within 21 days if he wishes to pursue further his Complaint for Turnover of Estate Property; otherwise, this case is subject to dismissal without further notice or hearing.